UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GRACE AKINLEMIBOLA, | ) |
| Plaintiff, | ) |
| vs. | ) Cause No. 1:17-cv-4383-WTL-DLP |
| AMERICAN AIRLINES, INC., | ) |
| Defendant. | ) |

**ENTRY ON MOTION TO DISMISS**

This cause is before the Court on the Defendant's motion to dismiss (Dkt. No. 10). The Plaintiff has not responded to the motion, and the time for doing so has expired. The Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

The facts set forth in the Complaint are as follow. On the day before Thanksgiving, 2017, the Plaintiff took an early morning American Airlines flight from Indianapolis to Cleveland for business purposes. The flight left early in the morning and had a layover in Charlotte. The Plaintiff's return flight was scheduled to arrive back in Indianapolis around midnight that same day. The Plaintiff checked her briefcase in Indianapolis because there was not sufficient space on the plane for all of the passengers' carry-on bags. Unfortunately, the Plaintiff's briefcase made it only as far as Charlotte. The airline failed to deliver the briefcase to Plaintiff during her one-day stay in Cleveland, which left the Plaintiff to conduct her business in Cleveland without the documents in her briefcase.

American Airlines staff employees in Cleveland told her that the briefcase was still in Charlotte and would be placed on a flight to Indianapolis so that she could retrieve it at the Indianapolis airport when she arrived there. However, when she arrived in Indianapolis, the

Plaintiff was informed that the briefcase was still in Charlotte. Because she "suspected by this point that there was some type of intentional activity or confiscation happening with her bag in Charlotte, North Carolina," the Plaintiff "without alerting American Airlines as to her intention to go to Charlotte . . . booked a one-way ticket on the first flight out to Charlotte." Dkt. No. 1 at 7. She remained at the Indianapolis airport and flew back to Charlotte on a 5:15 a.m. flight on Thanksgiving morning. After a few hours of working with the baggage services office in Charlotte, the Plaintiff learned that her briefcase had been delivered to the Indianapolis address she had provided. When American Airlines refused to pay for her return ticket to Indianapolis, the Plaintiff booked a flight on United Airlines. She did not arrive until 3:00 p.m.; by that time she had missed much of her family's Thanksgiving festivities. She also missed a work-related deadline due to not having her briefcase.

In her Complaint, the Plaintiff asserts claims for tortious interference with economic advantage, negligence, and trespass to chattel. The Defendant moves to dismiss each of these claims on the ground that it is preempted by the Airline Deregulation Act ("ADA"), which provides, in relevant part,

> Except as provided in this subsection, a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart.

49 U.S.C. § 41713(b)(1). The Court agrees that the Plaintiff's tort claims against the Defendant are preempted, as they relate to the services of an air carrier. *See Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1433 (7th Cir. 1996) (for purposes of ADA preemption, adopting definition of "services" found in *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 336 (5th Cir.1995) (en banc), which includes baggage handling).

Because the Plaintiff may not assert tort claims based on state law that arise out of the Defendant's mishandling of her briefcase, the Defendant's motion to dismiss the Plaintiff's Complaint is **GRANTED**. However, because it is not clear that there is no claim that the Plaintiff could bring based on the facts alleged in her Complaint, the Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** and no final judgment will enter at this time in order to give the Plaintiff an opportunity to file an amended complaint. *See Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) ("The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim.") (quotation marks and citation omitted). If the Plaintiff if believes there is a claim that she can assert against the Defendant in good faith, she shall file a motion for leave to file an amended complaint **within 28 days of the date of this Entry.** The proposed amended complaint must be attached as an exhibit to the motion. The failure to file a timely motion along with a proposed amended complaint will result in this case being dismissed with prejudice.

Also pending is the Plaintiff's Motion to Receive Electronic Distribution (Dkt. No. 12). That motion is **GRANTED**. The Court orders that (1) the Plaintiff shall continue to properly file paper copies of her documents with the Court; (2) documents that the Plaintiff properly files with the Court will be deemed served on the Defendant via CM/ECF; and (3) the Defendant must serve the Plaintiff via the email address that the Plaintiff has provided the Court: gakinlem@gacbusiness.com. The Defendant may additionally serve the Plaintiff by mail if it chooses. The Court also will serve the Plaintiff via the email address she has provided; **this Entry will be the final entry that the Court mails to the Plaintiff.**

SO ORDERED: 4/27/18

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**Grace Akinlemibola**
**966 Grayson Trail**
**Brownsburg, IN 46112**

Copies to all counsel of record via electronic notification